# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| NORMAN WILSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:12-cv-1407-TWP-MJD ) |
| HAROLD PAYNE and TEDDI BEARD,[1] | ) ) |
| Defendants. | ) |

### Entry Discussing Motion for Summary Judgment

This matter is before the Court on Defendants Harold Payne ("Officer Payne") and Teddi Beard ("Officer Beard") (collectively "Defendants"), Motion for Summary Judgment. Plaintiff Norman Wilson ("Mr. Wilson") brings this action pursuant to 42 U.S.C. § 1983. The dispute in this matter surrounds Mr. Wilson's claim that on October 16, 2010, Defendants, who are officers at the Clay County Jail, subjected him to excessive force and that Ms. Beard failed to protect him from assault. Defendants argue that Mr. Wilson failed to exhaust his available administrative remedies before filing this lawsuit, therefore summary judgment is appropriate. For the reasons that follow, the Defendants' Motion for Summary Judgment (Dkt. 19) is **DENIED**.

### I. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The Court views the facts in the light most favorable to

---

[1] Defendant has filed suit against Wayne Payne and Ms. Teddy. It is apparent from the filings that the correct names of the Defendants are Harold Payne and Teddi Beard. The **clerk shall** therefore amend the docket to identify the Defendants as reflected in the caption of this Entry.

the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Statement of Material Facts

Consistent with the foregoing standard, therefore, the following statement of facts is not necessarily objectively true, but the undisputed facts are presented in the light reasonably most favorable to Mr. Wilson as the non-moving party with respect to the motion for summary judgment.

Mr. Wilson was an inmate of the Clay County Jail ("the Jail") during October of 2010. Kenneth Rollings ("Commander Rollings") is the jail commander, a position he has held since before the time Mr. Wilson was in the Jail. As jail commander, Commander Rollings is custodian of the files of all inmates and of the rules and policies of the Jail. The Clay County Jail Rules and Inmate Handbook provides for a grievance procedure with regard to inmate complaints. That policy provides:

> Steps are taken to informally resolve grievances through inmate interaction with officers. If this is not successful, then the inmate may request a Grievance From to fill out and submit to the hearing officer. All inmates filing a grievance form will receive a written response within 5 business days.

The policy further provides that "[a]ny inmate wanting to appeal a grievance decision may do so by submitting a Grievance to the Sheriff within 5 days." Mr. Wilson made no attempt to informally resolve with either Mr. Payne or Ms. Beard any grievance he had based on the incident of October 16, 2010. Commander Rollings searched Mr. Wilson's jail file and all jail files potentially containing inmate grievances during Mr. Wilson's incarceration and found no grievances relating to the October 16, 2010 assault on Mr. Wilson.

Mr. Wilson asserts that "there were several and numerous request[s] of grievances that I wrote to the jail's commander, sheriff, and other authorities." Mr. Wilson has provided a copy of

two grievances and several requests for medical care. The first grievance, dated October 17, 2010, asserts "I am requesting that the matters of me being assaulted and severely injured by your jail officers be addressed."

### III. Discussion

The Defendants move for summary judgment arguing that Mr. Wilson failed to exhaust his available administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). But "[p]rison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The Defendants first argue that Mr. Wilson failed to exhaust his available administrative remedies because he never filed a grievance regarding the incident at issue in his complaint. As

already discussed, the facts construed in the light most favorable to Mr. Wilson show that he did file a grievance, but did not receive a response to that grievance. The Defendants seek to rebut the fact that Mr. Wilson attempted to grieve his claims regarding the alleged assault, arguing that because the grievance was not found in the Jail files, it was never received. Because Mr. Wilson asserts that he attempted to file the grievance, the Court will not weigh the conflicting evidence or attempt to resolve this question of fact. *See Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007) ("On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.").

The Defendants also argue that Mr. Wilson failed to exhaust his available administrative remedies because he did not first try to resolve his grievance informally. This argument fails because the policy states merely that "[s]teps are taken to informally resolve grievances through inmate interaction with officers." This is not clear enough to indicate to an inmate that he is required as a first step to attempt to resolve his grievance informally.

The Defendants next argue that because he did not appeal any grievance he did file, Mr. Wilson failed to exhaust his available administrative remedies. Mr. Wilson responds that he made his best efforts to exhaust his administrative remedies and was ignored. He also asserts that he was never given a copy of the jail procedures and therefore did not know what was required to exhaust his administrative remedies. The Jail's grievance policy, even if it had been provided to Mr. Wilson, provides no mechanism for how to proceed under these circumstances. He was therefore thwarted in his attempt to complete the grievance process. *See Dole*, 438 F.3d at 809.

The Defendants also argue that Mr. Wilson's grievance was not specific enough to alert staff to the nature of his complaints. In the absence of more specific requirements in the grievance procedure, prisoners are only required by the PLRA to put responsible persons on

notice of the conditions about which they are complaining. *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002). Here, the Jail policy does not contain requirements regarding the allegations that must be included in a grievance. Mr. Wilson's grievance, dated October 17, 2010, indicated that he was involved in an assault by jail officers. This is enough to alert the Jail of the nature of the wrong for which relief is sought.

Under these circumstances, the Defendants have not met their burden of showing that Mr. Wilson failed to exhaust his available administrative remedies.

### IV. Conclusion

Mr. Wilson has shown that a genuine issue of material fact exists as to whether he exhausted his available administrative remedies. Accordingly, the Defendants' motion for summary judgment (Dkt. 19) must be **DENIED**.

The Defendants shall have **through April 30, 2014**, in which to report whether they wish to withdraw the affirmative defense of failure to exhaust administrative remedies. If the affirmative defense is withdrawn, the parties will be allowed time to conduct discovery and to file any further dispositive motion and/or address settlement.

If the Defendants do not wish to withdraw this defense, the Court will set the matter for a hearing on exhaustion pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), before the merits of Mr. Wilson's claims can be addressed.

**IT IS SO ORDERED.**

Date: 04/04/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

NORMAN WILSON, 1610 N. Gilbert Street, Danville, IN 61832

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**